UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VINODH RAGHUBIR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 25-1364 (UNA) |
| | : | |
| UNITED STATES JUDICIAL CONFERENCE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), his *pro se* complaint (ECF No. 1), and motions for injunctive relief (ECF No. 3), e-filing privileges and accommodation (ECF No. 4), an extension of time to serve defendants (ECF No. 7) and for certification of a class (ECF No. 8). The Court grants Plaintiff leave to proceed *in forma pauperis*, dismisses the complaint, and denies Plaintiff's motions as moot.

Plaintiff describes himself as an Asian American male and United States citizen who is permanently disabled. Compl. ¶ 21. His complaint begins with what appears to be a challenge to the rules "created and governed by the Committee on Judicial Conduct and [D]isability," *id*. ¶ 2; *see id*. ¶¶ 3-6, "as interpreted and applied," *id*. ¶ 10; *see id*. ¶ 11, by judges allegedly acting pursuant to Project 2025, *see, e.g., id*. ¶¶ 9,14, 36, 50, which Plaintiff describes as "an unconstitutional policy implemented in Republican controlled areas of the country," *id*. ¶ 50, including Florida, *see id*. ¶ 52. According to Plaintiff, the Florida courts "are overwhelmed with

1

loyalists" to Project 2025, *id*. ¶ 53, who support "white supremacy," *id*., thereby "reduc[ing] Constitutional guarantees of non-white persons," *id*. ¶ 9.

On closer reading of the complaint and Plaintiff's other submissions, it appears that this civil action is a thinly-disguised attempt to overturn Plaintiff's criminal conviction in and sentences imposed by a Florida court, *see, e.g., id*. ¶¶ 41, 96-101, 105-06, 122-37, 169-70, to obtain release from a 20-year term of probation, *see id*. ¶¶ 61, 174, 195, 204, by way of federal habeas proceedings, *see, e.g., id*. ¶¶ 41-44, to challenge the rulings of federal courts denying him habeas relief, *see, e.g., id*. ¶¶ 62-66, 89-92, 139-40, 347, to force consideration of his complaints of judicial misconduct against federal judges whose rulings were unfavorable, *see, e.g., id*. ¶¶ 265, 267-92, and for relief from orders restricting Plaintiff's ability to file civil, *see, e.g., id*. ¶¶ 261-62.[1]  Among other relief, Plaintiff demands an Order declaring the Florida trial court's orders void, and reversing the Eleventh Circuit's rulings with respect to his judicial misconduct complaints. *See id*. at 85-86.  No such relief is available to Plaintiff in this federal district court.

---

[1] The Middle District of Florida denied Plaintiff's habeas petition filed under 28 U.S.C. § 2254 and a certificate of appealability.  *See Raghubir v. Sec'y, Dep't of Corr.*, No. 6:18-cv-1017 (M.D. Fla. July 1, 2020) (ECF No. 134); *see also Raghubir v. Sec'y, Dep't of Corr.*, No. 6:18-cv-1017 (M.D. Fla. Jan. 17, 2023) (ECF No. 185) (denying COA).  Plaintiff appealed, and the United States Court of Appeals for the Eleventh Circuit denied his motion for a certificate of appealability.  *Raghubir v. Sec'y, Fla. Dep't of Corr.*, No. 22-13998 (11th Cir. Aug. 29, 2024) (Dkt. No. 14) (denying COA, finding that "reasonable jurists would not debate the district court's determination that the claims in the § 2254 petition were unexhausted and procedurally defaulted because Raghubir did not 'fairly present' every issue raised in his petition to the state's highest court, either on direct appeal or on collateral review, and those avenues for relief are no longer available to him"), *recons. denied*, *Raghubir v. Sec'y, Fla. Dep't of Corr.*, No. 22-13998 (11th Cir. Nov. 6, 2024) (Dkt. No. 16).  And in light of Plaintiff's extensive litigation history, the Middle District of Florida restricted Plaintiff's ability to file new civil actions.  *See Raghubir v. United States*, No. 6:21-cv-1617 (M.D. Fla. Oct. 8, 2021) (ECF No. 3) (ordering that the Clerk of Court, rather than filing a new pleading and opening a new case, forward Plaintiff's submission to a senior Magistrate Judge for review and screening, and if he or she determines that the tendered pleading has no arguable merit, or is abusive, frivolous, scandalous or duplicitous, the pleading shall be returned to Plaintiff and not be filed).

For starters, as a general rule applicable here, this federal district court may not review, reverse or otherwise disturb the rulings of a State court or another federal district court. *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) ("A federal district court lacks jurisdiction to review decisions of other federal courts."); *Jones v. U.S. Supreme Ct.*, No. 10-cv-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) ("This court is not a reviewing court and cannot compel Supreme Court justices or other Article III judges in this or other districts or circuits to act."), *aff'd sub nom. Jones v. Supreme Ct. of U.S.*, 405 F. App'x 508 (D.C. Cir. 2010), *aff'd*, 563 U.S. 914 (2011)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (noting the Supreme Court's emphasis "that federal district courts and federal courts of appeals have no authority to review a final judgment of a state court that has acted in its judicial capacity"), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. July 27, 1994); *see also Prentice v. U.S. Dist. Court for E. Dist. of Mich.*, 307 F. App'x 460, 460 (D.C. Cir. 2008) (per curiam) ("[B]ecause a challenge to a state court action must proceed through that state's system of appellate review rather than through a federal district court, the district court properly determined it lacked jurisdiction to review action taken by a . . . state court." (citations omitted)). Consequently, this Court cannot review the decisions of the Florida courts with respect to the criminal case against Plaintiff and its appeal, or to the habeas action pursued in the Southern District of Florida and its appeal to the Eleventh Circuit, or any court's orders restricting Plaintiff's filing privileges.

Plaintiff is no more successful in having this court compel consideration of his judicial misconduct complaints. "Congress has established a statutory mechanism for complaints of judicial misconduct that can culminate in Congressional impeachment proceedings." *Smith v. Krieger*, 389 F. App'x 789, 798 (10th Cir. 2010) (citing 28 U.S.C. §§ 351–364). Under 28 U.S.C. § 351, a person may file a complaint against a judge, but "the statute does not create a

private right of action for a complainant to compel review of his complaint." *Torres v. U.S. Court of Appeals for Second Cir.*, No. 22-cv-2774 (LTS), 2022 WL 2209149, at *3 (S.D.N.Y. June 21, 2022); *cf. Ponton v. U.S. Court of Appeals*, No. 10-cv-2213-JBS, 2011 WL 1045035, at *3 (E.D. Pa. Mar. 22, 2011) ("To recognize Plaintiff's claim of a right to prosecute a disciplinary case against a judicial officer would be to convert a general procedural statute for court administration into a private right of action, which is something the Congress has not done in 28 U.S.C. § 351, *et seq.*").

    An Order is issued separately.

/s/
TIMOTHY J. KELLY
United States District Judge

DATE: July 7, 2025